UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>EDWARD YBARRA,<br>Defendant | 5:21-cr-50111<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING<br>SENTENCE REDUCTION |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines, (Doc. 243). The Government has responded, (Doc. 245), and the Federal Public Defender's Office has notified the Court of its intent not to supplement, (Docket 5/28/2024). For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

The Defendant pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841 and 846. (Doc. 126, 172). The charges arose in connection with a multi-defendant conspiracy to distribute methamphetamine. The co-conspirators' activities included drug distribution, bulk cash transfers, and money wires in multiple states. After calculation of Defendant's base offense level, he received a 3-point reduction for acceptance of

responsibility and an increase of two levels based on possession of a dangerous weapon, resulting in an offense level of 33. (Doc. 168). His prior convictions resulted in 18 criminal history points, including 2 status points for committing the instant offense while under a criminal justice sentence. His criminal history category was VI. (Id.). The imprisonment range pursuant to the Federal Sentencing Guidelines was 235-293 months with a mandatory minimum of 120 months. (Id.). The Court imposed a sentence of 188 months. (Doc. 172). Subsequently the Court reduced the sentence to 94 months. (Doc. 220, 222).

Defendant now requests a reduction in sentence pursuant to a recent amendment to the Federal Sentencing Guidelines which was made retroactive. (Doc. 243).

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United*

2

States v. Estupinan, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

It is important to recognize that a reduced number of criminal history points does not automatically yield a reduced term of imprisonment. The reason is that the criminal history category of VI encompasses criminal history points of 13 or more. Thus, no relief is available to a Defendant if the criminal history category remains at VI after the Defendant's points are reduced. See, e.g., *United States v. Tiger*, 223 F.3d 811, 812-13 (8th Cir. 2000) (relief unavailable if recalculating criminal history points results in same criminal history category). Accord, *United States v. Vannortwick*, 74 F.4th 1278, 1281 (10th Cir. 2023); *United States v. LeFlore*, 927 F.3d 472, 475 (7th Cir. 2019); *United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011).

Amendment 821 addresses in part the "status points" a defendant may have received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reads as follows:

> § 4A1.1. Criminal History Category
> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

3

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1.

Amendment 821 modified § 4A1.1(e) to reduce the points from 2 to 1 for a person who committed the offense while under a criminal justice sentence.

Because Defendant received 2 status points and now would receive only 1, the Court recognizes that the Amendment affects the number of points comprising his criminal history. However, the reduction of 18 points to 17 would not result in a change to Defendant's criminal history category of VI because 13 or more criminal history points place an individual in that category. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Because Defendant's criminal history category remains VI, he is not entitled to relief pursuant to Amendment 821. *Tiger*, 223 F.3d at 812-13.

Accordingly, Defendant's motion to reduce sentence, Doc. 243, is denied.

Dated this 11th day of June, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge:

ATTEST
MATTHEW W. THELEN, CLERK